CHARLES C. McKEAGUE, PLAINTIFF, v. THE ATLANTIC CITY AND SHORE RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *William I. Garrison.*

For the defendant, *Bourgeois & Coulomb.*

PER CURIAM.

This is on defendant's rule to show cause why the verdict of $1,000 rendered against it at the Atlantic Circuit should not be set aside and a new trial ordered. The reason assigned is that the verdict is against the overwhelming weight of the evidence on the question of liability and is the clear result of passion, prejudice and mistake on the part of the jury. Plaintiff's Chevrolet automobile, driven by plaintiff, was demolished by a collision with defendant's electrically-driven work car at the intersection of defendant's tracks with Ocean Heights avenue in Atlantic county. In addition, the plaintiff received personal injuries. The acts of negligence alleged in the complaint were the allowing of the warning signal at the intersection to become out of order, the operation of defendant's car without sounding a warning whistle or bell on approaching the crossing and the driving of the car at an excessive rate of speed.

It was stipulated between the parties that the defendant had the status of a steam railroad. The case, therefore, went to the jury with the instruction that the defendant had the right to operate its trains at such speed as it deemed necessary. There is now no dispute concerning that proposition of law.

The evidence brought into the case a further suggestion of negligence in the fact that the defendant maintained a freight house on its lands near the intersection of the highway and the railroad track in such manner as to partially obstruct the view. The convincing testimony on this point is that on approaching the tracks the user of the highway, just before reaching the shed, had an unobstructed view in the direction from which the work car approached of fourteen hundred feet and that after passing the shed, for the distance of twenty-one and a half feet between the shed and the nearest rail of the track on which the work car was propelled, he had a yet more extended vision.

With the exception of the negative testimony of one witness who admits that he was paying no attention to the circumstance, the proof that the warning signals located at the

crossing were out of order and failed to work is found entirely in the testimony of the plaintiff. Without detailing the testimony to the contrary, we express our conclusion that the weight of the testimony is decisively to the effect that the warning signals at the crossing were actually operating and that the whistle on the work car was blown on approaching the crossing.

The testimony of the plaintiff was that he had stopped his automobile to make an observation for an approaching train and had just gotten under way and was traveling at the rate of two miles an hour when he was ten feet from the tracks. At that point, namely, ten feet from the tracks, he had a clear view up the tracks of over a mile. We fail to understand how the plaintiff, had he been in the exercise of reasonable care, could have failed to see and to hear the warning signals, or to stop his automobile in due season to avoid the accident. By the great weight of the testimony he was guilty of negligence, without which the accident would not have occurred. It is unnecessary for us to determine whether the defendant was free of negligence, or was guilty of negligence to which the negligence of the plaintiff materially contributed.

The rule will be made absolute.